IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:07-CV-48-D

MDM GROUP ASSOCIATES, INC.,       )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        **ORDER**
                                  )
EMERALD ISLE REALTY, INC., et al.,)
                                  )
            Defendants.           )

Plaintiff MDM Group Associates, Inc. ("MDM" or "plaintiff") sued twenty-one North Carolina realty businesses. Plaintiff subsequently dismissed one of the defendants. The remaining twenty defendants filed motions to dismiss the amended complaint, and several defendants also filed a motion for a more definite statement. Because most of these motions raise identical arguments, the court considers the defendants and their respective motions collectively, unless otherwise indicated. For the reasons discussed below, the court grants in part and denies in part the defendants' motions to dismiss, and denies the motion for a more definite statement.

I.

Plaintiff is a Colorado corporation that "provides insurance and other financial products and services, including originally designed specialty products, to individuals and businesses." Am. Compl. ¶¶ 1, 25. Plaintiff alleges that it "created and developed an original product known as the 'Peace of Mind Security Deposit Waiver Program.'" Id. ¶ 27. Plaintiff's idea was to have vacation rental property customers "pay a small fee of $30–$50 in lieu of a security deposit of hundreds of dollars." Id. Should damage occur to the rental property, "the renter is protected against losses up to $3,000 rather than obligated to forfeit the security deposit and pay additional losses." Id.

In order to implement its idea, plaintiff drafted a form contract. See id. ¶ 28 & Ex. 1. Plaintiff alleges that it uses the form contract "for describing and marketing [its] product." Id. ¶ 28. Plaintiff alleges that at least some of the material in the form contract "is wholly original [to] MDM." Id. Plaintiff has registered a copyright with respect to its form contract. See id. ¶ 30 & Ex. 2.

Plaintiff alleges that it once had a business relationship with several unspecified defendants. See id. ¶ 32. Plaintiff alleges that these unspecified defendants offered plaintiff's product for sale using plaintiff's form contract, and that plaintiff received a commission on each sale. See id. According to plaintiff, these unspecified defendants eventually ended the relationship with plaintiff, yet continued to use plaintiff's form contract (or a document which substantially copied plaintiff's form contract) to offer a product which substantially copied plaintiff's product, all without receiving plaintiff's permission and without paying commissions to plaintiff. See id. ¶¶ 32–33. Plaintiff further alleges that various other unspecified defendants used plaintiff's form contract (or a document which substantially copied plaintiff's form contract) to offer a product which substantially copied plaintiff's product, even though these unspecified defendants had no prior business relationship with plaintiff. See id. ¶ 34. Plaintiff alleges that these unspecified defendants had access to plaintiff's form contract either through the other unspecified defendants, or through an unspecified trade organization or organizations. See id.

Plaintiff alleges that the defendants' actions constitute copyright infringement (id. ¶¶ 54–59), federal unfair competition in violation of the Lanham Act (id. ¶¶ 60–65), unfair trade practices under North Carolina law (id. ¶¶ 71–73), and an unlawful civil conspiracy in violation of North Carolina law (id. ¶¶ 66–70).

2

II.

Defendants move to dismiss plaintiff's copyright infringement claim because it is insufficiently pled, and because they lack notice of what is at issue in the litigation as required by Federal Rule of Civil Procedure 8(a) and Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). See Emerald Isle et al.'s Mem. in Supp. of Mot. to Dismiss 4–7 [D.E. 31] [hereinafter "Emerald Mem."]; Hatteras Realty's Mem. in Supp. of Mot. to Dismiss 2–6 [D.E. 50] [hereinafter "Hatteras Mem."]; Atlantic Realty et al.'s Mem. in Supp. of Mot. to Dismiss 4–5 [D.E. 51-2] [hereinafter "Atlantic Mem."]; Sun Realty's Mem. in Supp. of Mot. to Dismiss 6–11 [D.E. 57] [hereinafter "Sun Mem."].

Under Federal Rule of Civil Procedure 8(a), a complaint must provide, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must allege sufficient facts to show that it is "plausible" that the pleader is entitled to relief. Twombly, 127 S. Ct. at 1970. The "pleading standards set forth by Rule 8(a)(2)" remain "liberal," even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam). In light of the governing legal standard, defendants' motions to dismiss for failure to provide adequate notice under Rule 8(a) and Twombly are denied.

III.

Several defendants move for a more definite statement of the copyright infringement claim. See Seaside Vacations et al.'s Mem. in Supp. of Mot. to Dismiss, Alt. for a More Definite Statement 13–15 [D.E. 33] [hereinafter "Seaside Mem."]. These defendants argue that plaintiff's complaint is unfairly vague and that they are unable to frame an answer. See id.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare

3

a response." Fed. R. Civ. P. 12(e). In Hodgson v. Virginia Baptist Hospital, Inc., 482 F.2d 821 (4th Cir. 1973), the Fourth Circuit held that a motion for a more definite statement was inappropriate where the Secretary of Labor's complaint alleged that the defendant hospital caused certain unspecified employees to work overtime without granting them overtime pay. See 482 F.2d at 822, 824. Although the hospital argued that the Secretary of Labor should be ordered under Rule 12(e) to clarify which employees allegedly worked overtime without overtime pay and when these acts allegedly occurred, the Fourth Circuit stated,

> The hospital could rely on its records to admit or deny any of the charges. If the hospital did not know whether some of the Secretary's allegations were true or false, Rule 8(b) would permit it to plead that it lacked sufficient information to form a belief as to the truth of the allegations and would give this plea the effect of a denial. If the hospital thought that the Secretary lacked facts to support his allegations, it could establish by affidavit its compliance with the law and move for summary judgment under Rule 56. If it wanted to discover the facts on which the Secretary based his claim, it could use the discovery devices of Rules 26 to 37.

Id. at 824; see also Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005).

There is no material distinction between this case and Virginia Baptist. Here, plaintiff alleges that defendants' "marketing materials" infringe plaintiff's alleged copyright in its form contract. See, e.g., Am. Compl. ¶ 35. Defendants can examine their "marketing materials," compare them to exhibit 1 to plaintiff's amended complaint, and determine how to answer plaintiff's amended complaint. The motion for a more definite statement is denied.

IV.

Defendants move to dismiss plaintiff's copyright infringement claim on the ground that plaintiff's form contract cannot meet the bare-minimum copyright requirement of originality because it adds nothing to what is already in the copyright public domain. See Emerald Mem. 8–16; Hatteras Mem. 6–9; cf. Sun Mem. 9–11.

4

A motion to dismiss "for failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a claim. See Fed. R. Civ. P. 12(b)(6); Twombly, 127 S. Ct. at 1968–70; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); accord Erickson, 127 S. Ct. at 2200. In ruling on a motion to dismiss under Rule 12(b)(6), a court may consider only the pleadings themselves, as well as "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing attached in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 376 (3d ed. 2004); see Whitesell v. Town of Morrisville, 446 F. Supp. 2d 419, 421–22 (E.D.N.C. 2006). The court must accept the factual allegations in the plaintiff's complaint as true for purposes of the motion to dismiss. E.g., Kloth, 444 F.3d at 319.

The amended complaint contains a factual allegation that at least some parts of plaintiff's form contract are plaintiff's original expressions of ideas. See Am. Compl. ¶ 28. Defendants have not provided the court with any evidence appropriate for the court's consideration under the governing legal standard which purports to establish that material sections of plaintiff's form contract were already present in the copyright public domain. Of course, if defendants have evidence proving that material sections of plaintiff's form contract were already present in the copyright public domain, they may submit a motion for summary judgment at the appropriate time. See, e.g., AEI Fund Mgt, Inc. v. Geneva Org., Inc., No. 06-1633 ADM/AJB, 2006 WL 2943093, at *3 (D. Minn. Oct. 13, 2006) (unpublished). Defendants' motions to dismiss on originality grounds are denied.

5

V.

Defendants argue that plaintiff's copyright infringement claim should be dismissed under the "merger doctrine" because it would be impossible to engage in the security deposit waiver business without using a form contract that would violate plaintiff's alleged copyright, and that to allow plaintiff's alleged copyright to proceed would grant plaintiff a monopoly on the idea of security deposit waivers. See Emerald Mem. 15–16; Seaside Mem. 8–13; Hatteras Mem. 9–11; Atlantic Mem. 7–10; Sun Mem. 12–14.

The court denies defendants' motion to dismiss on merger doctrine grounds:

> Any resolution of whether the merger doctrine is applicable to the instant facts is premature at this early stage of the proceedings. A motion to dismiss tests only the sufficiency of the allegations in the complaint. Evaluation of [defendants'] merger doctrine argument, however, requires weighing evidence, currently absent from the record, regarding the feasibility of alternative [security deposit waiver] transaction language. Fact development by discovery is necessary before [defendants'] merger doctrine argument can be considered.

AEI Fund Mgt., 2006 WL 2943093, at *3. Of course, defendants may raise their merger doctrine argument in a motion for summary judgment at the appropriate time.

VI.

Plaintiff alleges that defendants have committed false advertising under the Lanham Act, 15 U.S.C. § 1125, because "[d]efendants' advertising of their products inherently includes the representation that their product is a 'legal' insurance product," when in fact the North Carolina Commissioner of Insurance has not approved defendants' products. Pl.'s Resp. in Opp'n to Defs.' Mots. to Dismiss 22 [D.E. 68] [hereinafter "Pl.'s Mem."]. Defendants move to dismiss plaintiff's Lanham Act claim on various theories which the court need not address, because plaintiff's Lanham Act claim fails for a reason that defendants did not discuss.

6

Plaintiff alleges a false advertising claim in violation of 15 U.S.C. § 1125(a)(1)(B). The elements of such a claim are:

> (1) a false or misleading description of fact or representation of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceives or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false or misleading statement.

Nutrition & Fitness, Inc. v. Mark Nutritionals, Inc., 202 F. Supp. 2d 431, 434 (M.D.N.C. 2002) (quotation omitted). Plaintiff's theory is either that defendants made an implied statement that their product is approved by the North Carolina Commissioner of Insurance, or that defendants failed to state that their product was not so approved. See, e.g., Pl.'s Mem. 22; Am. Compl. ¶¶ 60–65. However, neither an implied statement nor a failure to state constitutes a "description of fact" or "representation of fact" under the Lanham Act. See 15 U.S.C. § 1125(a)(1).

Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130 (4th Cir. 1993), eviscerates plaintiff's false advertising claim. In Mylan, the plaintiff drug company sued numerous defendant drug companies, alleging that the defendants had committed false advertising under the Lanham Act, because the defendants "falsely represented or implied (1) that the defendants' drugs had been properly approved by the FDA and (2) that the defendant[s'] drugs were 'bioequivalent' to Mylan's drugs." Id. at 1137–38. On appeal, the Fourth Circuit held that the defendants were entitled to dismissal under Rule 12(b)(6) because "Mylan was required to point to *some* claim or representation that is reasonably clear from the face of the defendants' advertising or package inserts." Id. at 1139. The Fourth Circuit held that the plaintiff's failure to allege an actual statement or representation was

> [a] fatal deficiency [which] cannot be cured by contentions that the very *act* of placing a drug on the market, with standard package inserts often used for FDA-approved drugs, somehow implies (falsely) that the drug had been 'properly approved

7

by the FDA.' Such a theory is, quite simply, too great a stretch under the Lanham Act.

Id.; see also Agency Dev., Inc. v. Med. Am. Ins. Co., 310 F. Supp. 2d 538, 547 (W.D.N.Y. 2004) ("Plaintiff's proposed [false advertising] claim must fail because it cannot base a Lanham Act claim on the defendants' failure to disclose a fact."), aff'd on other grounds, 142 F. App'x 545, 546 (2d Cir. 2005) (per curiam) (unpublished); Avon Prods., Inc. v. S.C. Johnson & Son, Inc., 984 F. Supp. 768, 798 (S.D.N.Y. 1997) ("Avon cannot be held liable under the Lanham Act for failing to state publicly that [Skin-So-Soft] is not an effective insect repellent."); Int'l Paint Co. v. Grow Group, Inc., 648 F. Supp. 729, 730 (S.D.N.Y. 1986) ("[T]he Lanham Act . . . impos[es] no affirmative duty of disclosure.").

There is no material distinction between this case and Mylan. Here, as in Mylan, plaintiff claims that defendants put a product to market without obtaining the proper approval from a regulatory body, and that by doing so, defendants "falsely advertised" that their product was approved by that regulatory body. Whether construed as an implied statement or as a failure to state, plaintiff's claim fails under Mylan.[1] Accordingly, defendants' motions to dismiss plaintiff's Lanham Act false advertising claim are granted.[2]

---

[1] In light of this conclusion, the court need not decide at this time whether the products at issue in this case constitute "insurance."

[2] The Lanham Act contains two prongs. Section 1125(a)(1)(A) governs "false designation of origin" claims, and section 1125(a)(1)(B) governs "false advertising" claims. See 15 U.S.C. § 1125(a)(1). Plaintiff appeared at first to invoke both theories under the Lanham Act. See Am. Compl. ¶ 63 (appearing to invoke false designation of origin theory by alleging that defendants' products "are likely to cause confusion . . . as to the origin, sponsorship, or approval of their insurance product" with plaintiff's product); id. ¶ 62 (invoking false advertising theory by alleging that defendants' products "misrepresent the nature, characteristics, or qualities of their insurance products insofar as they purport to be a valid and legal insurance product").

Plaintiff appears to have abandoned the false designation of origin theory in light of defendants' arguments against that theory in their motions to dismiss. To the extent that plaintiff

8

VII.

Plaintiff asserts a claim under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. §§ 75-1.1 et seq. Plaintiff's theory is that "[d]efendants marketed and sold unauthorized insurance products" and thus "[d]efendants' acts and practices were unfair and deceptive" under North Carolina law. See, e.g., Pl.'s Mem. 25. Defendants move to dismiss this claim under Rule 12(b)(6), arguing that plaintiff lacks standing. See Seaside Vacations et al.'s Reply in Supp. of Mot. to Dismiss 9–10 [D.E. 71]; Emerald Isle Realty et al.'s Reply in Supp. of Mot. to Dismiss 16–19 [D.E. 74]. In light of the governing legal standard, defendants' motions are denied.[3]

VIII.

Finally, plaintiff asserts a claim for civil conspiracy in violation of North Carolina law. There in no independent claim for civil conspiracy in North Carolina, and a civil conspiracy claim requires a viable underlying predicate claim. See, e.g., Esposito v. Talbert & Bright, Inc., 181 N.C. App. 742, 747, 641 S.E.2d 695, 698 (2007); Swain v. Elfland, 145 N.C. App. 383, 387, 550 S.E.2d 530, 534 (2001). Where there is no viable underlying predicate claim, a civil conspiracy claim fails. See, e.g., Esposito, 181 N.C. App. at 747, 641 S.E.2d at 698 ("As we have held that summary judgment for

---

has not abandoned this theory, the court dismisses plaintiff's section 1125(a)(1)(A) claim. See Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 31 (2003) (holding that plaintiff had no claim under 15 U.S.C. § 1125(a)(1)(A) for false designation of origin where defendant took plaintiff's videotape series—which had lapsed into the public domain because plaintiff allowed its copyright to expire—"copied it, made modifications (arguably minor), and produced its very own series of videotapes"); MDM Group Assocs., Inc. v. ResortQuest Int'l, Inc., No. 06-cv-01518-PSF-KLM, 2007 WL 2909408, at *6 (D. Colo. Oct. 1, 2007) (unpublished) (rejecting this same plaintiff's identical claim against another defendant as barred by Dastar).

[3] Plaintiff's legal theory under its UDTPA claim is less than clear. The court will hold plaintiff to the theory expressed in its response to defendants' motions to dismiss. See Pl.'s Mem. 25; compare Emerald Mem. 23–25 with Hatteras Mem. 15–19 with Atlantic Mem. 15–19 (illustrating defendants' confusion about the basis of plaintiff's UDTPA theory).

9

defendants on these [underlying predicate] claims was proper, plaintiff's claim for civil conspiracy must also fall."); Swain, 145 N.C. App. at 387, 550 S.E.2d at 534 ("Because plaintiff's underlying claims were properly dismissed, his allegation that defendants conspired to unlawfully discharge him must likewise fail.").

Plaintiff argues that defendants engaged in an unlawful civil conspiracy by (1) conspiring to violate the Lanham Act through making implied statements that their products are licensed insurance products and failing to state that their products are not licensed insurance products; and by (2) conspiring to violate the insurance laws of North Carolina, for which plaintiff has a cause of action against them under the UDTPA. See Pl.'s Mem. 28–29. As discussed, plaintiff's Lanham Act claim fails. Accordingly, defendants' motions to dismiss the civil conspiracy claim are granted to the extent the civil conspiracy claim is premised on the Lanham Act. In light of the governing legal standard under Rule 12(b)(6), defendants' motions are denied to the extent the civil conspiracy claim is premised on the alleged violation of North Carolina insurance law.[4]

---

[4] Again, the court will hold plaintiff to the theory of its civil conspiracy claim expressed in its memorandum opposing the motions to dismiss. See Pl.'s Mem. 28–29. To the extent that plaintiff argues that its civil conspiracy claim is based on its copyright infringement claim, the civil conspiracy claim is dismissed. A state-law claim is preempted by the federal Copyright Act unless it contains an "extra element" that renders it "qualitatively different" from a federal-law copyright infringement claim. See, e.g., United States ex rel. Berge v. Bd. of Trustees of the Univ. of Ala., 104 F.3d 1453, 1463 (4th Cir. 1997). Nothing renders plaintiff's civil conspiracy claim under North Carolina law "qualitatively different" from a copyright infringement claim under federal law. See Brown v. McCormick, 23 F. Supp. 2d 594, 608 (D. Md. 1998) ("[W]hile the formulation for civil conspiracy adds the element of agreement to the elements that copyright infringement requires, the right protected by such a cause of action in this case would serve merely to vindicate the same right as under the Copyright Act.").

10

IX.

For the reasons discussed above, defendants' motions to dismiss the amended complaint [D.E. 30, 32, 49, 51, 56, 62] are GRANTED IN PART and DENIED IN PART. The motion for a more definite statement [D.E. 32] is DENIED.

SO ORDERED. This __1__ day of July 2008.

*[signature]*
JAMES C. DEVER III
United States District Judge

11

Case 2:07-cv-00048-D   Document 81   Filed 07/01/08   Page 11 of 11